W. B. & H. H. RICHARDSON *v.* RICE, STIX & Co., for use, etc.

BILLS AND NOTES. *Principal and surety. Negotiable paper transferred as collateral security.* Negotiable paper transferred as collateral security, for subsisting indebtedness and future advances, is subject to all equities then existing, and the maker is protected if he has paid the note to the rightful holder before the transfer, though the transfer was before maturity.

Cases cited: Gosling *v.* Griffin, MS., Nov., 1864; Vatterlien *v.* Howell, 5 Sneed, 441. These cases reviewed.

FROM CROCKETT.

Appeal from the Circuit Court. G. B. BLACK, Judge.

W. F. POSTON for plaintiffs.

H. T. JOHNSON for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Rice, Stix & Co. recovered a judgment in the cir-

cuit court of Crockett county, against W. B. & H. H. Richardson, from which they have appealed to this court. The suit originated before a justice of the peace upon a note, (executed by plaintiffs in error to defendants in error), and was payable at the office of Dickinson, Williams & Co., and seems to have been endorsed by Rice, Stix & Co., and delivered to Dickinson, Williams & Co., and by them transferred by delivery to the Merchants National Bank at Memphis, as collateral security for subsisting indebtedness of, and future advances to be made to Dickinson, Williams & Co., and was finally transferred to the Metropolitan National Bank, New York, for whose use this suit is now prosecuted.

The defense is, that the note was paid while held by Dickinson, Williams & Co., to them, and before its maturity. Upon the trial the defendants, amongst other things, requested the court to charge the jury, that if the defendants paid the note to Dickinson, Williams & Co. before it fell due, and while they were the holders of it, and before its transfer to the Merchants National Bank as collateral security, they should find for the defendants. This, as well as all the other requests to charge several other propositions submitted by defendants, the court refused, saying to the jury that he charged the reverse of said several propositions. After the jury had retired, they returned into court and asked, "If the note was paid by the defendants before due, to Dickinson, Williams & Co. while they were the holders of it, how should they find?" The court instructed them that such a pay-

ment would not exonerate defendants; that unless they made the payment *after the note fell due,* and before it was transferred by Dickinson, Williams & Co. to the Merchants National Bank, the payment would be no protection to them. In the case of *Gosling* v. *Griffin,* decided at this place November, 1875, Jackson, Special Judge, delivering the opinion of the court, it was held that the maker of negotiable paper is not discharged, if before its maturity, *and after its transfer, even as collateral security,* he make payment to any other than the real holder. The case of *Vatterlien* v. *Howell et al.,* 5 Sneed, 441, in which it was held that in such case, unless the holder gave notice to the maker, of the transfer, such payment would be valid, was reviewed and overruled; and it was held "that negotiable paper, taken as *collateral security,* for pre-existing indebtedness, before maturity, *and before any equities exist against it,* must stand upon the same footing as the transfer of over-due paper. The holder in neither case is considered a holder for value in due course of trade, under the law merchant. Both are subject to *all equities existing at the time of the transfer, but neither is subject to defenses arising after such transfer."*

Following the authority of the case cited, we hold that it was error to refuse to charge the law as requested, as herein before stated, and to charge the jury as was done by the court, in answer to the question submitted to the court by the jury. The judgment will be reversed and the cause remanded for a new trial under proper instructions to the jury.

A motion was made in the circuit court and renewed here, to dismiss the appeal upon the ground that the bond for appeal was not executed within the time allowed by law. The failure to give the bond within the prescribed time for the appeal from the justice's judgment to the circuit court, was in consequence of the agreement of the adverse party to allow further time, and they thereby waived any right to take exceptions on account of such failure, and the motion to dismiss was properly overruled by the circuit court.